**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Joseph GOMES, Defendant—Appellant.**

**No. 06–10661.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 15, 2008.*

Filed Aug. 21, 2008.

Louis A. Bracco, AUSA, Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Richard S. Kawana, Esq., Honolulu, HI, for Defendant–Appellant.

Before: SILER **, McKEOWN, and CALLAHAN, Circuit Judges.

MEMORANDUM ***

Joseph Gomes ("Gomes") appeals the 156–month sentence imposed after his original sentence was vacated and remanded by this court pursuant to *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

L.Ed.2d 621 (2005), and *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc). We dismiss Gomes's appeal because he waived his right to appeal his sentence.

We review de novo whether a defendant has waived his statutory right to appeal. *United States v. Nunez,* 223 F.3d 956, 958 (9th Cir.2000). Appeal waivers that are knowingly and voluntarily entered into are enforceable. *United States v. Michlin,* 34 F.3d 896, 898 (9th Cir.1994). Gomes argues that his appeal waiver is invalid on other grounds, none of which persuade us.

That the district court construed Gomes's motion to extend the deadline for appellate review as a notice of appeal does not affect the validity of his appeal waiver. The court's order merely extended the period of time in which Gomes could file a timely notice of appeal under Federal Rules of Appellate Procedure 3 and 4.

Gomes's argument that the government waived his appeal waiver by litigating his initial appeal on the merits is related to his contention with respect to the law of the case. The "law of the case" doctrine applies where the issue in question was "decided either expressly or by necessary implication in [the] previous disposition." *Thomas v. Bible,* 983 F.2d 152, 154 (9th Cir.1993) (citation omitted). The government had requested that Gomes's appeal of his original sentence be stayed in light of *Booker,* and we granted the motion on this basis. The validity of Gomes's appeal waiver was not argued by the government. Nor was the issue "decided either expressly or by necessary implication" in our order vacating and remanding for re-sentencing. There is no "law of the case" rendering Gomes's appeal waiver invalid.

The principles of collateral and equitable estoppel do not change our conclusion.

**DISMISSED.**